IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, et al.<br><br>       Plaintiffs,<br><br>v.<br><br>ARCHITECTURAL RESTORATIONS AND WATERPROOFING, INC.,<br><br>       Defendant. | CASE NUMBER: 1:07CV01729<br><br>JUDGE: Richard J. Leon |

**ANSWER OF DEFENDANT TO PLAINTIFFS' COMPLAINT**

  Defendant, Architectural Restorations and Waterproofing, Inc. ("ARW"), by and through its attorneys, responds to the allegations of Plaintiffs' Complaint as follows:

**JURISDICTION**

  1. Admitted only that this action has been brought by the IPF and the IMI. The remaining allegations set forth in paragraph 1 constitute legal conclusions to which no response is required.

  2. ARW is without sufficient knowledge or information to form a belief as to the truth of the allegation in paragraph 2 that the IPF and IMI are administered in the District of Columbia. The remaining allegations set forth in paragraph 2 constitute legal conclusions to which no response is required.

**PARTIES**

  3. ARW is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 and therefore denies these allegations.

4. ARW is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 and therefore denies these allegations.

5. ARW is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 and therefore denies these allegations.

6. Admitted.

7. Denied as stated. By way of further answer, ARW has on occasion hired workers for specific job projects from the union halls of the International Union of Bricklayers and Allied Craftsmen, Locals 4 and 5.

## VIOLATION CHARGED

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied. By way of further answer, it is denied that ARW owes Plaintiffs any delinquent contributions.

14. Denied.

**WHEREFORE**, ARW respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice and that ARW be awarded attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The signature page attached to Exhibit A to the Complaint is too vague to constitute a labor agreement.

### THIRD AFFIRMATIVE DEFENSE

The contributions to trust funds that Plaintiffs seek are illegal.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in part by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrines of laches, waiver, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

ARW's employees were not working under the Agreement that is attached as Exhibit A to the Complaint and are therefore not covered employees for which contributions were due.

**WHEREFORE**, ARW respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice and that ARW be awarded attorneys' fees and costs of suit.

    Respectfully submitted,

    ARCHER & GREINER

    BY:    /s/ Alexander Nemiroff
         ALEXANDER NEMIROFF
         Bar No. 454408
         One Centennial Square
         Haddonfield, New Jersey 08033
         (856) 795-2121
         Attorneys for Defendant

Dated: November 28, 2007

**CERTIFICATE OF SERVICE**

    I, Alexander Nemiroff, hereby certify that on this 28th day of November 2007, I caused the foregoing Defendant's Answer to Plaintiff's Complaint to be electronically filed with the Court and, therefore, the aforementioned document is available for viewing and downloading from the Electronic Case Filing System.

                                                s/ Alexander Nemiroff
                                                ALEXANDER NEMIROFF

2982808v1